**JOHNSON CHERRY CREEK, L.L.C., Plaintiff,**

v.

**UNITED STATES of America; United States Probation Serv.; and Errica Donohoo, Probation Officer, Defendants.**

No. 4:06–MC–00058.

United States District Court, S.D. Iowa, Davenport Division.

Jan. 4, 2007.

James R Wainwright, Ahlers & Cooney, P.C., Des Moines, Roger T. Williams, Ryley Carlock & Applewhite, Denver, CO, for Johnson Cherry Creek,LLC, Plaintiff.

Gary L. Hayward, United States Attorney, Des Moines, IA, for Errica Donohoo, Defendant.

Gary L Hayward, United States Attorney, Des Moines, IA, for United States of America, Defendant.

## ORDER

PRATT, Chief Judge.

Before the Court is Plaintiff's Petition Pursuant to Local Criminal Rule 32.1(b)(2) and Request for Expedited Relief (Clerk's No. 1). Johnson Cherry Creek, L.L.C. ("Plaintiff") requests the Court authorize it to subpoena and depose Errica Donohoo, a United States Probation Officer for the Southern District of Iowa, Davenport Division.

## I. BACKGROUND

Plaintiff's request to subpoena and depose Ms. Donohoo arises in the context of a Denver, Colorado civil lawsuit, the facts of which follow. Randall Danniel ("Danniel") and Marian Reis ("Reis") hired Plaintiff to pack, move, and store certain of their belongings in 1998. Plaintiff's services cost more than the preliminary estimate, however, Danniel and Reis paid only a portion of the total amount Plaintiff claims was owed. After many attempts at resolution, Plaintiff enforced a warehouseman's lien it had obtained pursuant to Colorado law, and auctioned Danniel's and Reis' belongings in May 2001. Danniel and Reis sued, claiming that Plaintiff converted the proceeds of the auction in excess of its lien, and that Plaintiff violated the lien statute when it auctioned their goods. Danniel and Reis further alleged that Plaintiff's conduct was "willful," entitling them to emotional damages.

During the same approximate time frame, Danniel was indicted on charges of attempted bank fraud in the Southern District of Iowa. Danniel ultimately pled guilty to an Information charge under 18 U.S.C. § 2113(b), and was sentenced to three months in a community correction center and three months of home confinement. While on supervised release following completion of his sentence, Danniel was subject to supervision by the United States Probation Office, and specifically by Ms. Donohoo.

## II. ANALYSIS

Plaintiff believes that Danniel has been deceitful in the underlying Colorado lawsuit. Specifically, Plaintiff alleges that Danniel has mischaracterized his interactions with Plaintiff, as well as the inventories upon which his expert appraisals and damages are based, and in regards to his claim for mental suffering. Because Danniel has not lived in Colorado since approximately 1998, Plaintiff has been unable to locate any witness that would be able to provide opinion testimony about Danniel's character for truthfulness. *See* Colo. R. Evid. 608(a) (providing that the "credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation . . . ."). Thus, Plaintiff requests the Court permit it to subpoena and depose Ms. Donohoo to ascertain whether she could provide such testimony, in light of her nearly two years of supervision of Danniel, and in light of various revocation of supervision recommendations filed by Ms. Donohoo.

Defendants in this matter assert that the question before the Court "is whether the interest of Plaintiff in securing [Ms. Donohoo's] testimony outweighs the interests of the United States in preserving the confidentiality of probation files and in not having its probation officers tied up in private litigation involving persons who are or were under their supervision." Defs.' Answer at 2. The parties agree that the determination of whether to grant Plaintiff's Petition is one of first impression in this Court and is one of administrative policy, rather than one of legal requisites.

With regard to the Government's concern that confidential probation files will be disclosed should the Court permit Ms.

Donohoo's deposition, Plaintiff has not, and attests that it will not, request or require the revelation of the contents of any probation records. Indeed, Plaintiff agrees to only question Ms. Donohoo on matters and documents which are already in the public record. Specifically, Plaintiff plans to question Ms. Donohoo on whether the information disclosed by the public records give Ms. Donohoo a personal perception or opinion on Danniel's character for truthfulness.

With regard to the Government's concern about having probation officers tied up in private litigation involving offenders who are or were under their supervision, Plaintiff has promised to take all reasonable means to minimize any potential imposition to Ms. Donohoo or the United States Probation Office. Specifically, Plaintiff agrees to conduct a video-recorded deposition at a facility convenient to Ms. Donohoo and to limit the duration of direct questioning to two hours.[1]

■ Having reviewed the interests of the parties, the Court finds that requests such as Plaintiff's must be evaluated on a case-by-case basis. As a general matter, probation officers should not be subject to being called as character witnesses in civil litigation pertaining to offenders under their supervision. Were such a practice to become commonplace, it could easily disrupt the important tasks charged to probation officers in ensuring offender compliance and community safety. Nonetheless, this case presents a unique circumstance that the Court does not believe is likely to recur with any frequency. Plaintiff in this action has been hailed into Colorado court by an individual with no ascertainable contacts there. Indeed, the only potential character witness identifiable is Ms. Donohoo. The Court finds that justice supports permitting Plaintiff to take steps to present the most complete defense possible. In this case, that defense requires Plaintiff to attempt to undermine Danniel's credibility. Ms. Donohoo's testimony may or may not effectuate Plaintiff's goal, but regardless, it is appropriate to permit Plaintiff to explore the possibility.

Accordingly, the Court concludes that good cause exists under Local Criminal Rule 32.1 to permit Plaintiff to subpoena and depose Ms. Donohoo, subject to the conditions and restrictions articulated in Plaintiff's Reply Brief (Clerk's No. 7) and herein. Of particular import, Plaintiff may not delve into any matters which would require Ms. Donohoo to disclose confidential probation information, either verbal or documentary. Plaintiff's Petition (Clerk's No. 1) is GRANTED.

IT IS SO ORDERED

---

1. Plaintiff does note, however, that Danniel has been disruptive at two prior depositions, and that such disruptions at Ms. Donohoo's deposition may cause a variation in the time required for completion.